IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**FILED**
MAR - 2 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JEFFERSON COUNTY DRAINAGE ) | |
| DISTRICT NO. 7, ) | |
| a political subdivision of the State of Texas, ) | |
| 4401 Ninth Avenue, ) | |
| Port Arthur, Texas 77642 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case: 1:11-cv-00461 |
| ERIC HOLDER, ) | Assigned To : Roberts, Richard W. |
| Attorney General of the ) | Assign. Date : 3/2/2011 |
| United States of America; ) | Description: 3-Judge Court |
| THOMAS E. PEREZ, ) | |
| Assistant Attorney General, ) | |
| Civil Rights Division, United States ) | |
| Department of Justice, Washington, DC, ) | Three-Judge Court Requested |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY RELIEF
## UNDER THE VOTING RIGHTS ACT

The Plaintiff Jefferson County Drainage District No. 7 alleges that:

1.  This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973l(b).

2.  Plaintiff Jefferson County Drainage District No. 7 ("District 7") is a political subdivision of the State of Texas and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1).

3. District 7 is wholly within Jefferson County, Texas and embraces four municipalities – Port Arthur, Port Neches, Nederland, Groves, and a small unincorporated portion of Jefferson County.

4. District 7 is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act. 42 U.S.C. §1973c. Under Section 5, the District is required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices, and procedures since the Act's 1975 coverage date for Texas.

5. Jefferson County abuts Sabine Lake which in turn drains into the Gulf of Mexico. District 7 was created by the Texas Legislative in 1947 as a separate political subdivision. Its sole purpose is to maintain 35 miles of levees, drainage canals and pumping stations.

6. Initially, District 7 was governed by a 3 member board appointed by the Commissioners Court of Jefferson County. Later legislation placed District 7 under the governance of the Texas Water Code, and provided for a 5 member board, one to be elected from each of the communities comprising District 7. At that time, the City of Griffing Park was a separate community within District 7. In 1987, Port Arthur annexed Griffing Park, and since that time, District 7 has had 2 board members from Port Arthur. Annexation and consolidations of neighboring communities by Port Arthur resulted in litigation under Section 5 culminating in *City of Port Arthur v. U.S.*, 459 U.S. 159 (1982).

7. As of the 2000 Census, the towns contained within District 7 had the following population characteristics:

Port Arthur, total population – 57,755, White population 39%, African-American 43.7%, Hispanic 17.5% – Port Neches, total population 13,601,

White population 94.8%, African-American .9%, Hispanic 5.1% – Groves, total population 15,733, White population 93.5%, African-American 1.3%, Hispanic 7.8% – Nederland, total population 17,422, White population 93.5%, African-American .9%, Hispanic 6.3%.

8. Historically, there have been African-American board members of District 7's governing body. As of the 2010 elections, 2 of the 5 board members, both from Port Arthur, are African-American.

9. Since its inception in 1965, the Voting Rights Act has allowed States, which are subject to these special provisions of the Act, to exempt themselves from coverage under the Act's special remedial provisions, if they can satisfy standards established in the Voting Rights Act. This exemption process is known as "bailout".

10. In 1982, Congress made changes in the exemption standards of the Voting Rights Act. As amended in 1982, Section 4 of the Voting Rights Act provides that States, as well as political subdivisions within those States that are covered under the special provisions of the Act, are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

    A)     no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;

    B)     no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;

    C)     no Federal examiners have been assigned to the political subdivision;

D) all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and

E) the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

11. As described herein, plaintiff District 7 has fully complied with the provisions of Section 4 of the Act.

12. As a political subdivision of the State of Texas, plaintiff District 7 has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c. Under Section 5 of the Act, known as the 'preclearance' provisions, covered jurisdictions, including District 7, is required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

13. In the ten years preceding the filing of this action, District 7 has made numerous preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. §1973c.

14. Within the ten years preceding the filing of this action, District 7 has not enforced any voting change prior to Section 5 preclearance. Most recently District 7 obtained preclearance of its 2010 election procedures. The Attorney General has never interposed a Section 5 objection to any change affecting voting in District 7. District 7 has never sought judicial preclearance of any voting changes in this Court.

15. Voter registration opportunities in District 7 are readily and equally available to all citizens.

16. No person in District 7 has been denied the right to vote on account of race, color, or membership in a language minority group for at least the preceding ten years.

17. No "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) has been used in District 7 as a prerequisite to either registering or voting for at least the preceding ten years.

18. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in District 7, nor has the District entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds. There are no pending actions against District 7 alleging such denials or abridgments of the right to vote.

19. No voting practices or procedures have been abandoned by the District or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

20. The Plaintiff District 7 has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the District. Minority voters in District 7 are not being denied an equal opportunity to elect candidates of their choice to any office in the District.

21. Federal examiners have never been appointed or assigned to District 7 under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

22. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in District 7 within the last ten years, the District has not had any occasion to take any action eliminating such activity.

23. Pursuant to 42 U.S.C. §1973b, the District has "publicize[d] the intended commencement ...of [this] action in the media serving [the District] and in the appropriate United States post offices."

24. The proposed bailout was the subject of public hearings on February 2, 2010 and February 16, 2010, thereafter the board unanimously voted to proceed with the bailout.

25. The allegations set forth in paragraphs 13 through 22, above, if established, entitle plaintiff District 7 to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the District and all governmental units within the District from the special remedial provisions of the Voting Rights Act.

WHEREFORE, plaintiff District 7 respectfully prays that this Court:

A. Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear the claims raised in plaintiff's complaint;

B. Enter a declaratory judgment that plaintiff District 7 is entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C. Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

**FOR THE PLAINTIFF JEFFERSON COUNTY
DRAINAGE DISTRICT NO. 7:**

_____
**J. GERALD HEBERT**
DC Bar No. 447676
Attorney at Law
191 Somervelle Street, #405
Alexandria, Va. 22304
Tel (703) 628-4673
Email: hebert@voterlaw.com
Email: jghebert@comcast.net


**DAVID RICHARDS**
Texas State Bar No. 16846000
Richards, Rodriguez & Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Tel (512) 476-0005
Fax (512) 476-1513
Email: davidrichards@rrsfirm.com